UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff,<br><br>v.<br><br>CLARK UNIVERSITY, DAVID ANGEL,<br>DAVIS BAIRD, DENISE M. DARRIGRAND,<br>ADAM KEYES, SARAH BERGERSON,<br>JACQUELINE CAPOMACCHIO,<br>    Defendants. | Civil Action No. 4:15-CV-40113-TSH |

### NON-PARTY SUE SMITH'S MEMORANDUM IN SUPPORT OF HER EMERGENCY MOTION FOR A PROTECTIVE ORDER

In support of her Motion for a Protective Order, non-party Sue Smith states as follows:

**FACTS**

1. John Doe noticed the deposition of Sue Smith, a non-party witness whose underlying report that Doe sexually assaulted her forms the basis of Doe's claims against Clark University and the individual defendants. After reporting the sexual assault, Smith participated in the University's investigation and hearing. Amended Complaint at ¶¶30, 44.

2. Smith's deposition was originally scheduled for April 22, during school vacation week. Doe agreed to postpone the deposition and re-noticed it for June 3. Affidavit of K. Knuuttila at ¶1.

3. Given the sensitive nature of this matter, on or about May 2, 2016, Smith's attorney sent Doe's counsel an email requesting a conference to discuss the scope of the deposition. When she did not hear back from Doe's counsel, Smith's counsel sent a follow-up email on May 9. Doe's counsel responded and the two lawyers exchanged emails trying to schedule a conference. Id. at ¶2.

1

2449801.v1

4.	On May 11, 2016, as part of one of these email exchanges, Doe's counsel stated that she would not question Smith about the "actual encounter" and indicated that she is "more interested in what happened after." She invited Smith's counsel to contact her "on Friday" to discuss remaining issues, but could not "guarantee" her availability and referenced a personal matter. Smith's counsel tried to reach Doe's lawyer by phone on at least two occasions. Id. at ¶3.

5.	On May 24, 2016, Doe's counsel emailed Smith's counsel stating, "I am finally back in my office so you can give me a call at your convenience today, if you like." She indicated she did not know her schedule for the rest of the week. Smith's counsel was unavailable that day, but reached Doe's counsel two days later on Thursday, May 26. Id. at ¶4.

6.	During their discussion, Doe's counsel reiterated that she would not ask Smith any questions about the underlying incident, but stated that she was entitled to ask Smith information about what happened during the "gap" between the incident and when Smith reported it to the University. Among other things, Doe claimed that she was entitled to ask about:

- Smith's communications with Doe following the incident
- Smith's mental state following the incident
- whether Smith was dating at the time she reported the incident
- whether anybody else helped and/or motivated Smith to report the incident
- Smith's communications with third parties (not the University) with regard to the incident/decision

Smith disagreed that Doe was entitled to depose Smith about these topics. Id. at ¶5.

7.	While counsel tried, they could not reach a resolution. Doe's counsel suggested that, to the extent they could not resolve disputes about these questions at the deposition, Smith could object and move for a protective order following the deposition. Id. at ¶6.

2449801.v1

8.    Smith requested that Doe agree to a short postponement to allow her to seek a protective order prior to the deposition. Doe denied her request. Id.

**ARGUMENT**

A party may seek information that is relevant to his or her claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court must limit the extent of discovery otherwise allowed if it determines that the discovery sought is unreasonably cumulative. Fed. R. Civ. P. 26(b)(2)(C)(i). Upon a showing of good cause, the Court may issue an order protecting a person from annoyance or embarrassment. Fed. R. Civ. P. 26(c)(1). The Court's Order can forbid inquiry or limit the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D).

In this case, Doe challenges Clark University's investigation of the incident involving Smith and its finding that Doe violated a University policy. Doe's lawsuit centers on what the University did and failed to do in the course of its investigation and its decision to sanction him. Smith, a non-party to this case, has relevant information about her role in lodging a complaint against Doe with University officials and her participation in the investigatory and hearing process. Her testimony with respect to the "gap" issues (listed above), however, is not relevant to John Doe's claims, is redundant of information already in the record, will unnecessarily harass and subject her to embarrassment, and violate her privacy rights. She is, therefore, entitled to a protective order that limits the scope of her deposition.

**A.    Doe's Questions About Smith's Post-Incident Communications with Him Constitutes Harassment and is Needlessly Duplicative of Doe's Testimony**

In his complaint, Doe claims that he has electronic communications between himself and Smith that demonstrate "the congeniality with which [Smith and Doe] continued to engage with one another," after the incident that "are conspicuously devoid of malice or concern." (Amended

3

Complaint ¶¶36, 38). He claims he attempted to provide these communications to defendant Angel at some point during the investigatory and/or hearing process and faults the University for ignoring them. Id. at ¶¶38, 53. Doe seeks to depose Smith about these communications so that he can establish that the University should have taken them into account during its investigation and/or in issuing its decision. While Doe can seek to question the University about its alleged failure to consider these communications including whether and how it made credibility determinations in issuing its decision, questioning Smith about the existence and tone of these communications serves no relevant purpose and instead appears designed to challenge her credibility, harass or embarrass her. This is especially true where Doe has copies of the communications and can attempt to characterize their content as he sees fit. Smith's testimony regarding this issue is needlessly cumulative and this Court should preclude Doe from eliciting any such testimony.

**B.     Doe's Questions Regarding Smith's Post-Incident Mental State and Dating Status Bear No Relevance to Doe's Claims and Serve Only to Harass Her**

Doe claims that he is entitled to question Smith about her mental state, social activities and dating status following the incident. He seeks to question her about whether she had a boyfriend and went to parties as if her answers will somehow bear on whether the University made the right decision in determining that Doe violated school policy. He suggests that if she managed to eke out some fun at college in the months following the incident, her claims lose legitimacy. This line of questioning is a thinly veiled, improper attempt to challenge Smith's credibility, which is not at issue. While he can seek to ask the University questions about whether it weighed credibility issues, and whether it considered Smith's social life and mental status factors in issuing a decision, questioning Smith about her post-incident activities serves no relevant purpose.

Further, since Smith is a not a party to this lawsuit and does not have an existing claim against Doe alleging emotional distress, her mental state is entirely irrelevant to Doe's lawsuit. Without a protective order prohibiting this line of questioning, Smith will be subject to unwarranted harassment and embarrassment and deprived of her privacy rights. Her motion should, therefore, be allowed.

C. **Doe's Questions Regarding Third Party Involvement in Reporting the Incident are Irrelevant.**

Doe also claims that he is entitled to question Smith as to whether a third party assisted her in reporting the incident to the University and how that third party assisted her. Doe, who claims Smith has a quiet, shy personality, seems intent on establishing that, without third party encouragement, she would not have reported the incident, which makes no difference to his claims against the University for allegedly failing to conduct a proper investigation, hearing and appeal. This line of questioning should be prohibited.

D. **Doe's Questions Regarding Smith's Communications with Third Parties Are Harassing and Irrelevant**

Doe seeks to question Smith about her communications with third parties about the incident, her mental state following the incident and the University's decision. None of this information is relevant to Doe's lawsuit.

First, Smith's communications with her friends, family and others about her mental state following the incident has no bearing on Doe's claims against the University. For the same reasons stated above, allowing Doe to question Smith about communications regarding her mental state would serve only to harass and embarrass her and violate her privacy rights.

Second, Doe claims that the University imposed no confidentiality requirements on Smith when it rendered its decision. While he can ask her if the University imposed such a requirement, he claims he can also engage in a fishing expedition asking Smith whether and with

5

whom she shared the University's decision. It makes no difference to Doe's claims against the University if Smith told a third party about the University's decision at the conclusion of the process. If Doe's true concern is the University's alleged failure to instruct Smith to keep the decision confidential, he should question the University about that alleged failure, not Smith.

Finally, Smith's communications with third parties about the incident are also irrelevant to this lawsuit. While Doe can ask Smith whether the University asked her for names of all potential witnesses and use that information to challenge the sufficiency of the University's investigation, as appropriate, asking Smith to recount the details of her communications serves no relevant purpose and is designed solely to harass her.

WHEREFORE, Sue Smith respectfully requests that this Court issue a protective order limiting the scope of her deposition in accordance with this Motion.

Respectfully submitted,

SUE SMITH

By her attorneys,

/ s / Kristin M. Knuuttila
Kristin M. Knuuttila BBO #633828
kknuuttila@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston MA 02110
(617) 456-8000

Dated: May 31, 2016

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 31, 2016.

/ s / Kristin M. Knuuttila
Kristin M. Knuuttila

6

2449801.v1